**In re SEA ISLAND MOTOR SALES, INC., Debtor.**

**Bankruptcy No. 85–00582.**

United States Bankruptcy Court, D. South Carolina.

April 8, 1986.

---

2. Case Number 81–01988.

3. Case Number 83–00223.

4. Case Number 84–01366.

Stanley H. McGuffin, Asst. Gen. Counsel, Columbia, S.C., for S.C. Nat. Bank.

H. Flynn Griffin, Campbell, Griffin & Campbell, Walterboro, S.C., for debtor.

J. BRATTON DAVIS, Bankruptcy Judge.

South Carolina National Bank (SCN) has filed, pursuant to 11 U.S.C. § 362(d), a motion for relief from the automatic stay afforded by 11 U.S.C. § 362(a). The trustee opposes the granting of the motion. The debtor has neither objected to, nor appeared to contest, the motion.

For the reasons hereinafter stated, the motion is granted.

## FACTS

The debtor, a used car dealership, filed a petition for relief under Chapter 7 of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*) on March 25, 1985. A trustee of the debtor estate was appointed and is now serving.

The debtor executed a promissory note on June 29, 1984 in favor of SCN. SCN claims a security interest in all equipment, furniture, fixtures, and inventory of the debtor by virtue of a security agreement dated June 29, 1984. SCN filed financing statements with the Secretary of State of South Carolina and the Clerk of Court of Beaufort County on July 13, 1984.

Claiming the debtor to be in default on the note, SCN repossessed some of the debtor's automobile inventory before the petition for relief was filed.

Although SCN neither recorded its security interest on the certificate of title of any vehicle nor applied to the South Carolina Department of Highways for new titles, it has retained the original titles.

The trustee has stipulated that there is no equity in the property. Because this is a Chapter 7 case the property is not necessary for an effective reorganization. Also, cause for relief has been shown in that SCN's interest is not adequately protected. Therefore, it would appear that SCN might be entitled to relief from the automatic stay pursuant to § 362(d)(1) and § 362(d)(2). However, the trustee contends that SCN is not a *secured* creditor, *ergo* it is not entitled to relief under § 362.

## ISSUE

Thus, the issue is whether SCN has a perfected security interest in the automobiles which it has repossessed.

## DISCUSSION

### I

"A moving creditor seeking relief from the stay, in addition to carrying the ultimate burden of proof with respect to equity, must establish the validity and perfection of its security interest...." *In re Greiman*, 45 B.R. 574, 579 (Bankr.N.D. Iowa 1984). *See also, In re Satterfield*, Case No. 82–02150 (Bankr.D.S.C. January 27, 1984); *MacGregor v. Ostrander (In re Ostrander)*, Case No. 82–01164, Complaint No. 83–0486 (Bankr.D.S.C. May 6, 1982).

A party, secured by a lien on property, seeking § 362(d)(1) relief from the stay on the ground of lack of adequate protection satisfies its burden of proof on the issue of the debtor's equity in the property by showing that the debtor has no equity in the collateral above its secured claim.

*In re Satterfield.*

### II

■ SCN and the trustee disagree as to the effects of SCN's filing the financing statements in the office of the Secretary of State and in the office of the Clerk of Court.

The trustee contends that SCN has not perfected properly its security interest because South Carolina Code § 56–19–10, *et seq.*, (1976, as amended)[1] (Protection of Titles to and Interests in Motor Vehicles) applies in this case and that SCN has not complied therewith.

Section 56–19–620 states:

Unless excepted by § 56–19–610, a security interest in a vehicle of a type for which a certificate of title is required is not valid against creditors of the owner or subsequent transferees or lienholders of the vehicle unless perfected as provided in this article. No other recordation shall be necessary to protect the interest of the lienholder.

To determine if § 56–19–620 applies, the court must examine the exception to that section, § 56–19–610, which provides: "This chapter does not apply to or affect: ... (3) a security interest in a vehicle created by a manufacturer or dealer who holds the vehicle for sale."

In this case, the debtor in possession, a dealer, created the security interest. Therefore, it is excepted from § 56–19–620.

### III

■ For SCN, as the provider of inventory financing to a dealer, the method of perfection is found in § 36–9–302(1) which provides, in effect, that a security interest in inventory is perfected by the filing of a financing statement.

Section 9–302(1) of the Uniform Commercial Code, which is embodied in § 36–9–302(1) of the South Carolina Code, and its relationship with state certificate of title statutes is discussed in *In re Vaughn*, 283 F.Supp. 730, 732, 5 UCCRS 71, 75 (D.C.M.D.Tenn.1968):

Although § 9–302(1) of the Uniform Commercial Code conditions the perfection of security interests in chattels upon the filing of financing statements, the draftsmen of the Code, due to the widespread existence of state title acts governing the perfection of security interests in motor vehicles, concluded that security interests in vehicles covered by such title acts were to be excluded from the basic filing requirement of Article 9. Uniform Commercial Code § 9–302, Comment 8; 1 Gilmore, Security Interests in Personal Property, § 20.8. This exemption provision was inserted in § 9–302(3)(b) in the following two alternative forms:

(3) The filing provisions of this Article do not apply to a security interest in property subject to a statute

\* \* \* \* \* \*

only.

---

**1.** Further references to the South Carolina Code (1976, as amended) are by section numbers

[Alternative A:]

(b) of this state which provides for central filing of, or which requires indication on a certificate of title of, such security interest in such property.[2]

\* \* \* \* \* \*

The status of motor vehicles held by a dealer in an Alternative A jurisdiction is clearly stated in Professor Gilmore's recently published treatise:

Alternative A adopts the coverage of the certificate of title act, whatever that coverage may be. For example, if the title act ... does not cover dealer inventory then the filing exemption would not extend to such inventory; on the other hand, if the title act does cover inventory, so does the filing exemption. (citations omitted).

*Vaughn,* 283 F.Supp. at 732, 5 UCCRS at 73—74.

Because the vehicles in question originally were held by the debtor as inventory, the provisions of the South Carolina Protection of Titles laws are inapplicable (§ 56–19–610); therefore, § 36–9–302(1) applies which requires the proper filing of a financing statement in order to perfect the security interest. SCN has met the requirement through its July 13, 1984 filings.

### IV

■ The trustee contends that, after the cars were repossessed by SCN, they lost their status as inventory, and that SCN, if it wanted to protect its interest as a lienholder, should have requested new titles.

The trustee relies on § 56–19–390 [3], but he overlooks the fact that the Protection of Title laws do not apply to "a security interest created by a manufacturer or dealer who holds the vehicle for sale." Section 56–19–610. The security interest here was created by a dealer who held the vehicles for resale. The subsequent change in the

status of the vehicles from inventory to repossessed inventory did not alter the circumstances under which the security interest was created or the fact that the vehicles served as collateral. "[T]he manner in which a product is classified is determined at the time of agreement between the parties giving rise to a security interest and, as to them, the categorization remains unaffected by a later transfer of the property in question." *Franklin Inv. Co. v. Homburg,* 252 A.2d 95, 6 UCC Rep.Serv. 60, 63 (D.C.Ct.App.1969); *See also, Commercial Credit Equipment Corp. v. Carter,* 83 Wash.2d 136, 516 P.2d 767, 13 UCC Rep.Serv. 1212 (1973).

SCN properly perfected its security interest through its filings and repossession.

The purpose of filing under the UCC or the Protection of Titles laws is to give a third party notice of the lien. *See, Vaughn* 283 F.Supp. 730, 5 UCCRS at 75.

The debtor never held title to the cars because the titles had been assigned to it by the third party owners and the debtor had not been issued titles in its name by the South Carolina Highway Department. The assigned titles were held by SCN. The fact that SCN has had actual possession of the vehicles since February 28, 1985 persuades this court that it is not reasonable to presume that a third party would have purchased one of the vehicles after February 28, 1985 without having notice of SCN's interest therein.

### CONCLUSION

■ Because SCN, a perfected secured creditor, has not been offered adequate protection and because there is no equity in the property, the stay should be modified in order to allow it to exercise its state law rights.

---

**2.** Because South Carolina has chosen Alternative A there is no need to discuss the second alternative.

**3.** § 56–19–390 states: "(1) If the interest of an owner in a vehicle passes to another other than by voluntary transfer, the transferee shall, ex-

cept as provided in subsection (2) of this section, promptly mail or deliver to the Department the lost certificate of title, if available, proof of the transfer and his application for a new certificate in the form the Department prescribes."

## ORDER

Accordingly, SCN's motion for relief from the automatic stay should be granted.

AND IT IS SO ORDERED.